1  Mildred K. O'Linn (State Bar No. 159055)
     *missy.olinn@manningkass.com*
2  Craig Smith (State Bar No. 265676)
     *craig.smith@manningkass.com*
3  Adam O'Shea (State Bar No. 351035)
     *adam.oshea@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999

7

8  Attorneys for Defendants, CITY OF
   WEST COVINA, MARTINEZ J514; and,
   OFFICER BOWMAN #418;

9

10            **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  JULIAN PULIDO,                        Case No. 2:23-cv-06266-SVW (JPRx)
                                          District Judge: Stephen V. Wilson
14         Plaintiff,                     Magistrate Judge: Jean P. Rosenbluth

15     v.
                                          **EX PARTE APPLICATION FOR**
16  COUNTY OF LOS ANGELES;                **LEAVE TO FILE MOTION FOR**
    NGOZI CHUKWUEMEK, NP; TRINI           **RECONSIDERATION AND/OR**
17  BUI, NP; MONIKA VILLAZON, NP;         **CLARIFICATION OF**
    TAYLOR DOCTER, PGY3; MINA             **BIFURCATION ORDER AND**
18  MASRI, D.O.; KEITH CARRILLO,          **REQUEST TO CONTINUE**
    NP; BEVERLY WELCH; TCHUISSE           **PRETRIAL CONFERENCE AND**
19  HERMIONE, NP; MANUEL O.               **TRIAL DATE OR, IN THE**
    NATIVIDAD, M.D.; VERONICA             **ALTERNATIVE ISSUE AN**
20  HERNANDEZ-LARA, NP; REA               **ORDER *NUNC PRO TUNC*;**
    WHITMAN, PA; CHASE LUTHER,            **MEMORANDUM OF POINTS AND**
21  M.D.; ROBERT PAQUETTE, M.D.;          **AUTHORITIES; DECLARATION**
    ZIBA DAYANI, PA; EKATERINA            **OF LACEY N. SIPSEY**
22  KOROL, NP; DINA VILLAPUDUA,
    PA; OLIVIA GOMEZ, M.D.;               *Filed Concurrently with [Proposed]*
23  BRITTANY SLAUGHTER, PA;               *Order*
    ALEXIS M. PETERS, M.D.; AUNG
24  LIN, D.O.; CHRISTINA R. GHALY,        Judge: Hon. Stephen V. Wilson
    M.D.; TIMOTHY BELAVICH, PH.D.;        Crtrm.: 10A
25  SEAN HENDERSON, M.D.; CITY OF
    WEST COVINA; MARTINEZ J514;           ***APPLICATION CONSIDERED ON***
26  and, OFFICER BOWMAN #418;             ***THE PAPERS***

27         Defendants.
                                          Filed Date:   08/02/23
28                                        Trial Date:   05/14/24

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 7-19. Defendants City of West Covina, Martinez J514, and Officer Bowman #418 ("City of West Covina defendants") will and hereby do, respectfully submit this *Ex Parte* Application for Leave to File Motion for Reconsideration and/or Clarification of Bifurcation Order and Request to Continue the Pretrial Conference and Trial Date [Dkt. 100] or, in the alternative, issue an order *nunc pro tunc* accepting the filing of said motion on March 14, 2024.

The City of West Covina defendants further request that the hearing date for the motion for reconsideration be set for April 15, 2024, the correct hearing date for a motion filed on March 14, 2024.

The City of West Covina defendants make this application on the following grounds:

Good cause exists to excuse the late filing of defendants motion for reconsideration under Local Rule 7-18 due to an unusual and unforeseeable technical failure with the CM/ECF system. Pursuant to Local Rule 5-4.6.2, Defendants have submitted the Declaration of Lacey N. Sipsey, attached hereto, setting forth the facts of the failed attempts to file the motion electronically, together with this application for leave to file the motion. Sipsey Decl., ¶¶ 6-10. *Ex parte* relief is warranted, given the potential impact of the motion for reconsideration and request to continue on the rapidly approaching pretrial conference set for May 6, 2024 and the first trial set for May 14, 2024.

The City of West Covina defendants will be prejudiced if this application is denied as they will be prevented from requesting the bifurcation order be vacated and/or clarified. The bifurcation order significantly impacts the first trial related to plaintiff's claim for excessive force set to commence in less than 60 days.

Oral notice of this *Ex Parte* Application was given to counsel for all parties

on March 18, 2024. Declaration of Lacey N. Sipsey [Sipsey Decl.], ¶ 16. Counsel also informed all parties that opposing papers must be filed no later than 3:00 p.m. on the first business day succeeding the day this application is served. Sipsey Decl., ¶ 17. The parties were also informed orally and in email that if counsel is not going to oppose this application they must inform the clerk at (213)-894-2881. Sipsey Decl., ¶ 17. At the time of filing this application, plaintiff had not indicated whether he opposed this application. Sipsey Decl., ¶ 17.

The name, address, telephone number and e-mail address of counsel for the opposing party is as follows:

*Attorneys for Plaintiff:*

Kevin S. Conlogue, Esq.
Ashley M. Conlogue, Esq.
CONLOGUE LAW, LLP
8383 Wilshire Blvd., Ste. 822
Tel: (213) 255-8837
kevin@loksc.com
ashley@loksc.com

This Application is based on this Notice, the attached memorandum of points and authorities, the attached Declaration of Lacey N. Sipsey, all pleading, papers and records in this action, and upon such further evidence as may be presented at the hearing.

///

///

///

///

DATED: March 18, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Craig Smith*
Mildred K. O'Linn
Craig Smith
Adam O'Shea
Attorneys for Defendants, CITY OF WEST COVINA, MARTINEZ J514; and, OFFICER BOWMAN #418

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants City of West Covina, Martinez J514, and Officer Bowman #418 ("City of West Covina defendants") seek *ex parte* relief from the six-minute late filing of their motion for reconsideration and/or clarification of bifurcation order and request to continue the pretrial conference and trial date [dkt. 100] ("motion") due to technical errors encountered with the CM/ECF system at the time of filing. Sipsey Decl., ¶¶ 6-10. The City of West Covina defendants request that the Court accept the filing *nunc pro tunc* as timely filed, or in the alternative, grant leave to file the motion, and that the hearing for the motion be set for April 15, 2024.

The City of West Covina defendants are aware that *ex parte* applications are warranted where the party is requesting extraordinary relief. *Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 492 (C.D. Cal. 1995). As outlined herein, the City of West Covina defendants submit good cause to grant this application on an *ex parte* basis given the rapidly approaching trial date.

Defendants attempted to timely file their motion for reconsideration and/or clarification and request to continue the pretrial conference and trial date within 14 days of the February 29, 2024 bifurcation order, as required under Local Rule 7-18. However, defense counsel encountered technical errors with the CM/ECF system that caused the motion to be filed at 12:06 a.m. on March 15, 2024. Sipsey Decl., ¶¶ 6-10. This motion seeks to vacate the bifurcation of plaintiff's claims and to continue the pretrial conference and trial date set for May 6, 2024 and May 14, 2024, respectively. *Ex parte* relief is necessary so the parties may properly prepare for trial since the bifurcation of plaintiff's claims is a central issue. Should this *ex parte* application be denied, the City of West Covina defendants will be denied the opportunity to contest the bifurcation of plaintiff's claims and will be greatly prejudiced.

*Ex parte* relief is necessary in order to request that the hearing date be set for

April 15, 2024, the correct hearing date for a motion filed on March 14, 2024. Continuing the motion's hearing date past April 15, 2024 will only prolong the issues and impact the parties' ability to prepare for the first trial since it would be heard less than 30-days before the commencement of trial. Plaintiff should not be prejudiced by this request since the motion was filed only six (6) minutes late and more than 28 days before the scheduled hearing.

The City of West Covina defendants would be greatly prejudiced if they are prevented from their motion being timely heard and adjudicated since they would lose their right to oppose the bifurcation order, thereby suffering irreparable harm and prejudicing them at trial by impacting their trial strategy and trial preparation.

Therefore, the City of West Covina defendants respectfully request that the Court grant leave to file said motion and setting the hearing for April 15, 2024 or, alternatively, issue an order *nunc pro tunc* accepting the filing of the City of West Covina defendants' motion as timely filed on March 14, 2024.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On February 26, 2024, the Court held a hearing on plaintiff's Motion for Leave to File a SAC which sought leave to add two new defendants, Officer Weaver #477 and Officer Martinez #476. [Dkt. 84]. Sipsey Decl., ¶ 2.

On February 29, 2024, the Court issued an Order Granting Plaintiff's Motion for Leave to File a Second Amended Complaint and Bifurcating Plaintiff's Fourteenth Amendment Claim, *Monell* Claim, and Other Claims Based on Medical Care. [Dkt. 84]. Sipsey Decl., ¶ 3.

The City of West Covina defendants determined that bifurcation will prejudice defendants and began to prepare a motion for reconsideration and/or clarification and a request to continue the pretrial conference and the trial date. On March 14, 2024, defense counsel for the City of West Covina defendants finalized the motion and prepared to file it before midnight. Sipsey Decl., ¶ 4-6. However, due to unforeseeable and unusual technical errors within the CM/ECF system,

defense counsel was prevented from filing the motion until 12:06 a.m.—six (6) minutes after the deadline to file a motion for reconsideration under Local Rule 7-18. Sipsey Decl., ¶¶ 5-10.

### III. THIS *EX PARTE* APPLICATION IS APPROPRIATE AS NORMAL NOTICE PROCEDURES WOULD NOT AFFORD RELIEF TO DEFENDANTS

*Ex parte* applications are warranted where the party is requesting extraordinary relief. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 492 (C.D. Cal. 1995).

A proper *ex parte* application demonstrates (a) that the moving party will be irreparably prejudiced if the underlying motion is heard according to regular motion procedures and (b) that the moving party is without fault in creating the crisis now necessitating exigent relief. *Id.* Good cause exists to grant the instant application because the City of West Covina defendants will suffer irreparable harm and severe prejudice if this *ex parte* request is denied; the City of West Covina defendants will be denied their opportunity to properly present new factual and legal arguments in opposition to the Court's February 29, 2024 bifurcation order, as well as, their request to continue the pretrial conference and trial dates set to commence in less than 60 days. The City of West Covina will suffer irreparable harm and severe prejudice should their motion for reconsideration of the bifurcation order not be heard by the Court, since the bifurcation order requires Plaintiff's claims to be heard in multiple trials, which will greatly prejudice the City of West Covina defendants for the reasons set forth in the motion.

The City of West Covina defendants seek *ex party* relief since the normal notice procedure requires that parties are to provide twenty-eight (28) days' notice prior to filing a motion. *Local Rule 6-1*. If the City of West Covina defendants were required to bring this application per the normal notice procedure and it be granted, it would then need to file the motion for reconsideration and/or clarification and

7

Case No. 2:23-cv-06266-SVW (JPRx)

**EX PARTE APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF BIFURCATION ORDER AND REQUEST TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATE [Etc.]**

request to continue the pretrial conference and trial date—this process would take more than 56 days, which is after the pretrial conference set for May 6, 2024. Thus, it is impossible for both of the motions to be heard prior to the commencement of trial and would substantially interfere with trial preparation. Therefore, the City of West Covina defendants would suffer irreparable harm, necessitating the instant *ex parte* relief requested. The exigency is no fault of the City of West Covina defendants.

## IV. GOOD CAUSE EXISTS TO GRANT THIS APPLICATION

The City of West Covina defendants will suffer irreparable harm and significant prejudice if they are denied the opportunity of having their motion for reconsideration of the Court's February 29, 2024 bifurcation order [Dkt. 84] being accepted as timely and adjudicated. As set forth in the motion, the City of West Covina defendants present new facts and law that were not considered by the Court prior to issuing the order, thus providing grounds for the Court to reconsider its order. The untimeliness of the filing was not due to the fault of the City of West Covina defendants, but rather a technical error that prevented defense counsel from timely filing the motion correctly. Sipsey Decl., ¶ 5-10.

### A. Relief is Warranted Under Local Rule 7-18

A motion for reconsideration is due 14 days after the entry of the Court's order, absent good cause. Local Rule 7-18. Here, the bifurcation order was issued on February 29, 2024, making the deadline to file a motion for reconsideration March 14, 2024. Due to technical errors with the CM/ECF system, defense counsel for the City of West Covina defendants filed the motion six (6) minutes late. Sipsey Decl., ¶ 5-10.

As provided for herein, defense counsel encountered technical errors that prevented the motion from being timely filed by only a few minutes establishes good cause for the Court to accept and consider the motion for reconsideration. Plaintiff cannot have suffered prejudiced due to this six (6) minute delay. Thus,

there is good cause to grant leave to file the motion and accept it as timely filed on March 14, 2014.

Good cause also exists to hear the motion for reconsideration and/or clarification and request to continue the pretrial conference and trial date since the bifurcation order [Dkt. 84] significantly prejudices defendants. Because plaintiff's claims for excessive force, inadequate medical services, *Monell*, Bane Act violations, and negligence are necessarily intertwined, bifurcation inherently carries greater risk of prejudice to defendants and is improper. *See Scott v. City of Pasadena*, No. CV 07-07856 MMM (AJWx), 2014 WL 12806259, at *8 (C.D. Cal. Feb. 6, 2014) (denying bifurcation request in excessive-force case because entwined evidence likely to produce more prejudice than convenience or efficiency).

Should the Court deny the City of West Covina defendants' request to reconsider the bifurcation order it must nonetheless clarify the order since it does not indicate how plaintiff's state law claims will be tried or how the damages trial will be conducted. Thus, at least portions of the motion for reconsideration and/or clarification must be heard.

In sum, the City of West Covina defendants will be significantly prejudiced should the Court deny this *Ex parte* application since they would be prevented from presenting the above arguments and those contained within the motion to the Court and will necessarily lose the opportunity to vacate the bifurcation. This is particularly important since no party moved for bifurcation and no briefs were provided to the Court for its consideration in determining the issue of bifurcation. Since bifurcation in this action will inevitably prejudice the City of West Covina defendants, it is of the utmost importance that the Court hear the motion.

Plaintiff will not be prejudiced should this application be granted as plaintiff received the motion on March 15, 2024 at 12:06 a.m., more than 28 days prior to the correct hearing date of April 15, 2024.

The City of West Covina defendants should not suffer prejudice or irreparable

EX PARTE APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF BIFURCATION ORDER AND REQUEST TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATE [Etc.]

harm since the error was not their fault; rather, technical failures of the CM/ECF system prevented defense counsel from timely filing the motion.

### B. Relief is Warranted Under Local Rule 5-4.6.2

With regard to technical filing failures, Local Rule 5-4.6.2 provides that:

> If no Notice of CM/ECF Unavailability has been posted, the filer shall attempt to file the document electronically at least two times, separated by at least one hour. If, after at least two attempts, the filer cannot electronically file the document, the document will be accepted for filing by the Clerk in paper format that same day, if time permits. If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit setting forth the facts of the filer's failed attempts to file electronically, together with an appropriate application for leave to file the document. If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit setting forth the facts of the filer's failed attempts to file electronically, together with an appropriate application for leave to file the document.

Here, defense counsel has complied with Local Rule 5-4.6.2, in that the filer attempted to file the document multiple times, and was finally able to successfully filed the document before needing to submit paper copies to the Court the following day. Defense counsel has submitted a detailed declaration explaining the filing error, and specifically provided that the CM/ECF system altered the characterization of the motion from a "motion for reconsideration" to a "motion to force sale". This technical error and failure was unforeseeable. Defense counsel submits the instant *ex parte* application for leave to file the motion for reconsideration and requests that the correct hearing date of April 15, 2024 be maintained to prevent prejudice to the City of West Covina defendants. Local Rule 7-18 specifically provides that the 14 day deadline to file a motion for reconsideration may be extended upon a showing of good cause.

Thus, relief is warranted as the City of West Covina defendants have

complied with the requirements under Local Rule 5-4.6.2.

### C. *Nunc Pro Tunc* Relief is Warranted

Nunc pro tunc "may be used only where necessary to correct a clear mistake and prevent injustice." *United States v. Sumner*, 226 F.3d 1005, 1009-10 (9th Cir. 2000). It is limited to "making the record reflect what the . . . court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *Id.*; see *Broncel v. H & R Transp., Ltd.*, 2010 U.S. Dist. LEXIS 93932, *1, 2010 WL 3582492 (affirming the state trial court's order *nunc pro tunc* to back date a complaint).

Here, a *nunc pro tunc* order is warranted since the failure to timely file the motion was due to technical errors within the CM/ECF system. The delay caused was effectively only six minutes and therefore did not prejudice plaintiff. This was a clear mistake and a *nunc pro tunc* order is necessary to prevent injustice to the City of West Covina defendants. If the City of West Covina defendants are prevented from presenting the motion for reconsideration to the Court, they will lose their opportunity to be heard on the issue of bifurcation which is likely to substantially prejudice defendants. Thus, a *nunc pro tunc* order is necessary to prevent injustice.

## VI. DEFENDANTS PROVIDED OPPOSING COUNSEL WITH SUFFICIENT NOTICE OF THE PRESENT APPLICATION

Local Rule 7-19-1 requires a good faith effort to orally advise counsel of the date and substance of the proposed *ex parte* application and to advise the Court in writing and under oath of the efforts to contact other counsel and whether any other counsel, after such advice, opposes the application. The Court's standing procedures also requires the requesting party to notify the responding party that opposing papers must be filed no later than 3:00 p.m. on the first business day succeeding the day the *ex parte* application was served. Counsel must inform the clerk if there is no opposition to the *ex parte* application.

On March 18, 2024, defense counsel Lacey N. Sipsey called plaintiff's

counsel, Kevin S. Conlogue and Ashley Conlogue and left a message with their legal assistant advising plaintiff that the City of West Covina defendants intended to file the instant *ex parte* application and explained the grounds upon which the application will be brought. Sipsey Decl., ¶ 16. At the time of filing, plaintiff's counsel did not indicate whether plaintiff would oppose the application. Sipsey Decl., ¶ 18.

Ms. Sipsey also advised the parties telephonically and in a follow-up email that any opposition to the application must be filed by 3:00 p.m. on the following business day, and if there is no opposition then counsel must inform the clerk at the phone number above. Sipsey Decl., ¶ 17.

## VI. CONCLUSION

The City of West Covina defendants have established good cause for the Court to grant this application given that the untimeliness was due to unusual and unexpected CM/ECF errors. Otherwise, the City of West Covina defendants will be significantly prejudiced for an error that was not due to any fault of their own.

DATED:  March 18, 2024  **MANNING & KASS**
  **ELLROD, RAMIREZ, TRESTER LLP**


By: ____*/s/ Craig Smith*____
  Mildred K. O'Linn
  Craig Smith
  Adam O'Shea
  Attorneys for Defendants, CITY OF WEST COVINA, MARTINEZ J514; and, OFFICER BOWMAN #418

# DECLARATION OF LACEY N. SIPSEY

I, Lacey N. Sipsey, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants, CITY OF WEST COVINA, MARTINEZ J514; and, OFFICER BOWMAN #418. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of the *Ex Parte* Application for Leave to File Motion for Reconsideration and/or Clarification of Bifurcation Order and Request to Continue the Pretrial Conference and Trial Date or, in the alternative, issue an order *nunc pro tunc* accepting the filing of said motion on March 14, 2024.

2. On February 26, 2024, the Court held a hearing on plaintiff's Motion for Leave to File a SAC which sought leave to add two new defendants, Officer Weaver #477 and Officer Martinez #476. [Dkt. 84].

3. On February 29, 2024, the Court issued an Order Granting Plaintiff's Motion for Leave to File a Second Amended Complaint and Bifurcating Plaintiff's Fourteenth Amendment Claim, *Monell* Claim, and Other Claims Based on Medical Care. [Dkt. 84].

4. The City of West Covina defendants determined that bifurcation will prejudice defendants and began to prepare a motion for reconsideration and/or clarification and a request to continue the pretrial conference and the trial date.

5. On March 14, 2024, I was charged with finalizing and filing the City West Covina defendants' Motion for Reconsideration and/or Clarification of the Bifurcation Order and Request to Continue the Pretrial Conference and Trial Date [Dkt. 100].

6. As I attempted to file the motion using the CM/ECF system before midnight, I was prevented from submitting the motion due to an unfamiliar error

that changed the characterization of the filing from a motion for reconsideration to a "Motion to Force Sale".

7. Specifically, I was able to upload the motion, however when I attempted to link the motion to the related order [Dkt. 84], and clicked next, the screen changed and reflected the form and title of the motion as a "Motion to Force Sale" instead of a motion for reconsideration. The page asked if I was ready to file the Motion to Force Sale. This was not the accurate characterization of the motion that I had chosen to file and I was unsure why this error occurred but assumed that I must have selected the incorrected characterization. I was also unsure what would happen if I continued to file the motion I had uploaded under the incorrect filing characterization, particularly since it was for a motion that I had never heard of before and was an obvious error. To avoid rejection and any other errors, I chose to try and re-file the motion correctly.

8. I began to hit the back button and attempted to upload, link, and file the motion for reconsideration and supporting documents again. This did not work and the same error presented again. At that point I knew that I had not chosen the incorrect filing characterization, but did not know why this error occurred.

9. I continued attempting to file the motion but ran into the same error each time. After multiple attempts, I rebooted the page and tried to upload, link and file the motion and supporting documents again, however, this did not work either.

10. Regardless of the failed attempts, I continued to try and file the motion and supporting documents. Finally, the error resolved and I was able to able to file the motion using the CM/ECF system at 12:06 a.m., albeit with deficiencies.

11. Unfortunately, because the motion for reconsideration is due 14 days after the entry of the Court's order, the motion would thus be considered late by this Court, absent good cause. Local Rule 7-18.

**EX PARTE APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF BIFURCATION ORDER AND REQUEST TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATE [Etc.]**

12. The following day I discussed this issue internally to determine the best way to proceed in light of this error. It was suggested that I file an *ex parte* application for relief.

13. I was not able to begin preparing the *ex parte* application until Friday evening, during which I found Local Rule 5-4.6.2 which provides that "If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit setting forth the facts of the filer's failed attempts to file electronically, together with an appropriate application for leave to file the document.

14. I continued to prepare the *ex parte* application in accordance with Local Rule 5-4.6.2.

15. On Monday, March 18, 2024, I telephoned plaintiff's counsel, Kevin S. Conlogue, Esq. and Ashley Conlogue, Esq. I was not able to speak with them when I called but spoke to their legal assistant, Chris who took a message for me. The message advised counsel that our office intended to file the instant *ex parte* application and that any opposition would be due by 3 p.m. the following day. I left my phone number and requested that counsel call me back when available. I also indicated that I would follow up with an email regarding this issue.

16. Accordingly, I emailed Kevin Conlogue and Ashley Conlogue on March 18, 2024.

17. At the time of filing the *ex parte* application no response had been returned to my telephone call or my email had been returned.

18. The City of West Covina defendants have satisfied the good cause prong under Local Rule 7-18 to excuse the fourteen day filing requirement and to be granted leave to file the motion for reconsideration since a technical error within the CM/ECF system that was outside of my control prevented the timely filing of defendants' motion.

19. Additionally, good cause exists to accept the untimely filed motion and/or grant leave to file the motion given that the West Covina defendants will suffer irreparable harm and be severely prejudiced should the Court decline to accept and consider the motion for reconsideration and/or clarification of the bifurcation order and request to continue the pretrial conference and trial date. Defendants will be prevented from presenting new factual and legal arguments to the Court in favor of vacating the bifurcation order, and prevented the opportunity to have their position heard by the Court. This is necessary since bifurcation would greatly prejudice defendants due to the overlap in plaintiff's claims, as would a declination of their request to continue the trial since lead counsel for the City of West Covina defendants is unavailable during the currently scheduled pretrial conference and trial dates.

20. The City of West Covina defendants should not suffer prejudice due to an error that was not their fault or in any way attributable to defendants.

21. Plaintiff should not be prejudiced by this request since the motion was filed only 6 minutes late, but more than 28 days prior to the hearing date of April 15, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of March, 2024, at San Diego, California.

*/s/ Lacey Sipsey*
Lacey Sipsey